**RAMSEY COUNTY, Hennepin County, and St. Louis County, by Tom FOLEY, Ramsey County Attorney, Appellants,**

v.

**Thomas TRIPLETT, Commissioner of Revenue, State of Minnesota, Respondent.**

**No. C0–86–1775.**

Court of Appeals of Minnesota.

March 31, 1987.

Tom Foley, Ramsey Co. Atty., Kristi Swanson Wendorff, Sp. Asst. Co. Atty., St. Paul, for appellants.

Hubert H. Humphrey, III, Atty. Gen., Thomas M. O'Hern, Jr., Sp. Asst. Atty. Gen., Dept. of Revenue, St. Paul, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and LANSING and CRIPPEN, JJ.

## MEMORANDUM OPINION

CRIPPEN, Judge.

### FACTS

Prior to fiscal year 1981, the Commissioner of Revenue for the State of Minnesota delivered funds to the counties equal to ten percent of "transfer tax" recoveries. Minn.Stat. § 291.33 (1980). The statute defined transfer taxes as the Minnesota inheritance tax or estate tax. *Id.*, subd. 3. The statute instructed the Commissioner to determine the amount of transfer taxes paid during the fiscal year from estates in each of the several counties, and declared that ten percent of the amount determined shall be paid to the counties. *Id.*, subds. 1, 2.

In 1981 the legislature repealed the statute effective January 1, 1981. 1981 Minn. Laws, 1st Spec.Sess., ch. 1, art. 3, sec. 4. The parties dispute the effect of the repeal on transfer taxes collected during the first half of fiscal year 1981 (July 1, 1980 to December 31, 1980). Appellants claimed the Commissioner was required to pay the counties ten percent of transfer taxes col-

lected before the effective date of the repeal. The Commissioner claimed that as of January 1, 1981, when the repeal became effective, he no longer had authority to distribute transfer taxes. Thus, even though the amounts were collected prior to the date of repeal, the statute authorizing payments was no longer in effect at the time the Commissioner would have distributed payments to the counties. The trial court found in favor of the Commissioner.

## DECISION

We agree with the Commissioner and the trial court. By repealing the statute, the legislature eliminated the mandate for payment and eliminated the Commissioner's authority to make payment for the amount collected during the first half of fiscal year 1981. Prior to its repeal, the statute provided that:

> On or before the first of November in each year the commissioner *shall determine* the net amount of transfer taxes * * * which has been paid to the commissioner during the fiscal year ending June 30 next preceding * * *.

Minn.Stat. § 291.33, subd. 1 (1980) (emphasis added). In addition, the statute said:

> Ten percent of the amount as determined under the provisions of subdivision 1 *shall be paid* to each of such counties.

*Id.*, subd. 2 (emphasis added). The statute was no longer in effect at the time the Commissioner would have determined or paid the amount due the counties for the first half of fiscal year 1981. The Commissioner was therefore without authority to make the payments.

Counsel for the Commissioner also submitted to this court legislative history suggesting a legislative intent to save the treasury the expense of such reimbursement beginning in fiscal year 1982, thus including the reimbursement payment late in 1981 for fiscal year 1981. Those materials were not part of the evidence before the trial court. Although the materials support our decision, we base our decision on the language of the statute.

Affirmed.